# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES DANTE PATTERSON | * | |
| Petitioner | * | |
| v. | * | Civil Action No. JFM-17-2959 |
| DEBORAH RICHARDSON | * | |
| Respondent | * | |

***

## MEMORANDUM

The above-entitled Petition for Writ of Habeas Corpus was filed on October 5, 2017. Petitioner challenges the validity of his current confinement in the Baltimore County Detention Center where he awaits trial on charges of attempted first degree murder in the Circuit Court for Baltimore County, Maryland, following the Maryland Court of Special Appeals decision reversing Petitioner's August 3, 2015, conviction. *See State of Maryland v. Charles Dante Patterson*, Case No. 3C00393858 (Balt. Co. Cir. Ct.).[1] Review of the state court's electronic docket indicates that the issues raised in this Petition have also been raised by Petitioner in the state court and subsequently withdrawn. *Id.*

Before this Court may consider the merits of claims raised under 28 U.S.C. § 2254 that challenge the validity of a state court conviction, those claims must be exhausted before the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings.

---

[1] *See* http://casesearch.courts.state.md.us/inquiry.

To exhaust a claim on direct appeal, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a Petition for Writ of Certiorari. *See* Md. Cts. & Jud. Proc. Code Ann., § 12-201 and § 12-301. If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. *See* Md. Cts. & Jud. Proc. Code Ann., § 12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., § 12-202. However, if the application is granted but relief on the merits of the claim is denied, Petitioner must file a Petition for Writ of Certiorari to the Maryland Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

Further, Petitioner must also avail himself of state post-conviction proceedings for claims that are not appropriate for relief on direct appeal. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court where Petitioner was convicted and, if unsuccessful, must also be raised in an application for leave to appeal to the Court of Special Appeals. *See* Md. Crim. Proc. Code Ann. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams, supra.*

Petitioner must also comply with a one-year filing deadline to file a petition with this Court following exhaustion of his claims. Petitioner is forewarned that the one-year filing deadline begins to run on the date his conviction is final. The one-year period is "tolled" during the time a properly filed post-conviction petition is pending in state court. This means that until

a properly filed post-conviction petition is filed, the one-year time limitation for federal habeas corpus continues to run. Once post-conviction proceedings are completed through state court appellate review, whatever time is left on the one-year time limit is the period of time Petitioner has to seek federal habeas corpus review. The instant petition will be dismissed without prejudice.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner fails to meet this standard and a Certificate of Appealability shall not issue.

A separate order of dismissal will issue.

DATED this 16 day of October, 2017.

BY THE COURT:

_____
James K. Bredar
Chief United States District Judge